IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-23711

MICHAEL KELLEY,

     Plaintiff,

v.

COMPASS FLORIDA, LLC and GEANE
BRITO,

     Defendant.

_____

## COMPLAINT

Plaintiff Michael Kelley ("Plaintiff") sues defendants Compass Florida, LLC ("Compass")

and Geane Brito ("Brito"), collectively ("Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of California residing in the

State of California.

2. Compass is a limited liability company, organized and existing under the laws of

the State of Florida, with its regional headquarters located at 1212 Lincoln Road, Suite 113,

Miami Beach, FL 33139.  Compass' agent for service of process is CT Corporation System, 28

Liberty Street, New York, NY 10005.

3. Brito is an individual who is a citizen of the State of Florida residing at 3301 NE 1

Avenue, Unit H1904, Miami, FL 33137.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  ""A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004).  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

<strong><u>FACTS</u></strong>

**I.      Plaintiff's Business and History**

7.      Plaintiff is an accomplished professional photographer who specializes in architectural photography.

8.      In 2018, Plaintiff founded the Architectural Photography Almanac (https://apalmanac.com/), a resource for architecture photographers and those in the architecture industry seeking to learn about the craft and theory of architecture photography.

9.      Plaintiff's clients include Tesla Motors, FedEx, Discovery Networks, HGTV, Herman Miller, MAD Architects, and many others.

10.     Plaintiff's work is highly sought after and has been exhibited in numerous art galleries/museums around the world.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## II.      The Work at Issue in this Lawsuit

10.     Plaintiff is a licensed professional photographer.

11.     Plaintiff created multiple photographs of Brickell City Centre (collectively, the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration numbers for such photograph, and one or more screenshots of the alleged infringement of such photograph.

12.     Each photograph comprising the Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

13.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.     Defendant's Unlawful Activities

15.     Compass provides residential real estate brokerage and related services throughout the United States.  Including its franchised businesses, it has approximately 340,000 agents and associates.

16.     At all material times hereto, Brito was a licensed real estate agent in the State of Florida (license number 3248757) and either an employee of Compass or served as an independent contractor that was associated therewith.

17.     Defendants     advertise/market     their     business     through     their     website (https://www.compass.com/, https://www.compass.com/agents/geane-brito/ social media (e.g., https://www.instagram.com/compass/,     https://www.instagram.com/geanemiami/?hl=en),     and other forms of advertising.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

18.    On a date after the copyright registration of the Work, Defendants listed for sale the real property located at  88 Southwest 7th Street, Unit 2008, Miami, FL 33130 (the "Property").

19.    In doing so, Defendants created and published a Multiple Listing to market and sell the subject Property (the "MLS Listing").

20.    Relevant hereto, the MLS Listing includes therein a copy of each photograph comprising the Work amongst the various photographs selected by Defendants to market the Property, and all such photographs (including the copy of the Work) were then published and viewable across multiple websites (including www.compass.com, www.realtor.com, etc.).

21.    Compass, the listing broker for Brito, appears as listing broker on the MLS Listing.

22.    A person licensed as a real estate sales associate (i.e., Brito) may not operate as a sales associate without a broker (i.e., Compass) that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the terms "employ," "employment," "employer," and "employee" when used to describe the relationship between a broker like Compass and Brito, include an independent contractor relationship when such relationship is intended by and established between a broker (Compass) and a sales associate (Brito), and furthermore the existence of an independent contractor relationship shall not relieve the broker (Compass) of its duties, obligations, or responsibilities, which include being responsible for the offences of Brito. Fla. Stat. § 475.01(2).

23.    As a result, even if Compass designates its agents as "independent contractors," Brito is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida, Compass is vicariously liable for its agents' acts committed in connection with and in furtherance of Compass' real estate brokerage business.

24.     A true and correct copy of screenshots of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

25.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with the MLS Listing, Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

26.     Defendants utilized the Work for commercial use.

27.     Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

28.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in November 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

29.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

31.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

32.     Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

33.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on the MLS Listing, Defendants' website, webpage, social media, and/or printed media.

34.     Defendants reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

35.     By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants' infringement was either direct, vicarious, and/or contributory.

36.     Defendants infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself utilizes a copyright disclaimer on its website ("© Compass 2026"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

37.     Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

38.      Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

39.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

40.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendants' conduct.

41.     Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: May 27, 2026.                         COPYCAT LEGAL PLLC
                                             3111 N. University Drive
                                             Suite 301
                                             Coral Springs, FL 33065
                                             Telephone: (877) 437-6228
                                             dan@copycatlegal.com

                                             By: /s/ Daniel DeSouza
                                                  Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228